UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK J. MAHONEY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 09-cv-2327 |
| FARMERS INSURANCE EXCHANGE, | § § | |
| Defendant. | § § | |

ORDER

Pending before the Court is the Motion to Dismiss of Defendant Farmers Insurance Exchange (Doc. No. 8). For the following reasons, Defendant's Motion must be denied as moot.

I.  BACKGROUND

Plaintiff Frederick J. Mahoney ("Mahoney") was employed by Defendant Farmers Insurance Exchange as a senior claims representative. According to Plaintiff, he was not paid one and a half times his regular hourly rate of pay for all overtime hours worked. (Pl. Compl. ¶ 2.) Plaintiff brings this collective action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him as an individual and to other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2009) ("FLSA"). Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II.  12(b)(6) MOTION TO DISMISS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). In this case, Defendant alleges that Plaintiff has failed to plead essential facts that would provide Defendant notice of the claims asserted against it, and that the Complaint therefore fails to meet the pleading standard established by the Supreme Court.

### III.   THE AMENDED COMPLAINT

Before addressing the merits of the Motion to Dismiss, the Court notes that, in his Response to Defendant's Motion to Dismiss, Plaintiff seeks leave to file an amended complaint and attaches the proposed complaint thereto. (Pl. Resp. ¶¶ 17-19 and Ex. A.) In the proposed amended complaint, Plaintiff includes additional facts as to the allegations being made against Defendant.

The Court must give leave to file an amended complaint when justice so requires. FED. R. CIV. P. 15. Granting leave to amend is especially appropriate when Defendant

seeks a Rule 12(b)(6) dismissal. *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Because Defendant has not yet answered Plaintiff's Complaint, because discovery has only just begun in this case, and because allowing Plaintiff to amend will cause no undue delay, the Court concludes that Plaintiff's Motion for Leave to File an amended complaint should be granted.

Accordingly, there is no need to address the merits of Defendant's Motion as it pertains to the sufficiency of the allegations made in the original Complaint. The Court notes that Defendant is free to make whatever filings it deems appropriate in response to the amended complaint, as the Court makes no determinations of law as to its sufficiency.

### IV. CONCLUSION

The Motion to Dismiss of Defendants (Doc. No. 8) is hereby **DENIED AS MOOT**. Plaintiff's Motion for Leave to File an amended complaint is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 8th day of December, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE